1

2

3

4

5

6              UNITED STATES DISTRICT COURT
             WESTERN DISTRICT OF WASHINGTON
7                        AT SEATTLE

8

RICHARD LEE JOHNSEN,
9
                        Plaintiff,          Case No. C19-141-TSZ-MLP
10
        v.
11                                           ORDER DENYING PLAINTIFF'S
HENRY TAMBE, H.S.A. Medical Nurse,          MOTION FOR APPOINTMENT OF
12                                           COUNSEL
                        Defendant.
13

14        Plaintiff brings this civil rights action under 42 U.S.C. § 1983 alleging deliberate

15  indifference to his medical needs in violation of the Eighth Amendment.  Plaintiff is proceeding

16  with this action *pro se* and *in forma pauperis*.  The present matter comes before the Court on

17  plaintiff's motion for appointment of counsel.  Dkt. # 12.  After careful consideration of the

18  motion, the governing law, and the balance of the record, the Court finds that the complexity of

19  the legal issues present in this case and plaintiff's ability to articulate his claims do not constitute

20  exceptional circumstances to justify the appointment of counsel.  Plaintiff's motion for

21  appointment of counsel, Dkt. # 12, therefore is DENIED.

22        No constitutional right to counsel exists for an indigent plaintiff in a civil case unless the

23  plaintiff may lose his physical liberty if he loses the litigation.  *See Lassiter v. Dep't of Social*

ORDER
PAGE - 1

*Services*, 452 U.S. 18, 25 (1981).  Pursuant to 28 U.S.C. § 1915(e)(1), however, this Court has the discretion to appoint counsel for indigent litigants proceeding *in forma pauperis*.  *United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995).  The Court may appoint counsel only on a showing of "exceptional circumstances."  *Id.*; *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).  "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved."  *Wilborn*, 789 F.2d at 1331.  These factors must be viewed together before reaching a decision on a request for counsel under § 1915(e)(1).  *Id.*

At this early stage of the litigation, the Court cannot determine whether plaintiff is likely to prevail on the merits.  The Court is fully aware of the seriousness of plaintiff's allegations that he is being denied adequate medical treatment, however, in the absence of more evidence to support his claim, it is unclear whether plaintiff is likely to prevail on the merits.  Plaintiff has also made it clear that he is fully capable of articulating his position.  The claims in plaintiff's amended complaint, Dkt. # 8, have been presented in a manner demonstrating an adequate ability to articulate his claims *pro se*.  He is also currently engaged in another civil rights action under 42 U.S.C. § 1983 before Judge Pechman in which he is proceeding *pro se*.  *Johnsen v. Harlan, et al.*, cause no. 19-cv-00058-MJP.  In summary, plaintiff has failed to show exceptional circumstances exist to appoint counsel.

Finally, plaintiff's letter to the Court dated February 26, 2019 reflects concern that corrections staff may be reading or even withholding his mail.  Dkt. No. 11.  Plaintiff's letter does not request any specific relief from the Court.  If plaintiff is seeking relief from the Court with respect to the treatment of his mail at his facility, he should file a motion to that effect.

ORDER
PAGE - 2

Accordingly, the Court concludes that appointment of counsel is not appropriate at this time. Plaintiff will be free to move for appointment of counsel, if necessary, at a later date.

The Clerk is directed to send a copy of this Order to plaintiff and to the Honorable Thomas S. Zilly.

DATED this 19th day of March, 2019.

_____
MICHELLE L. PETERSON
United States Magistrate Judge

ORDER
PAGE - 3