UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RICHARD LEE JOHNSEN,

    Plaintiff,

v.

HENRY TAMBE,

    Defendant.

Case No. 19-141-TSZ-MLP

ORDER DENYING IN PART AND GRANTING IN PART DEFENDANT'S MOTION TO SEAL

This is a 42 U.S.C. § 1983 prisoner civil rights action in which Plaintiff Richard Lee Johnsen alleges that he received constitutionally inadequate medical treatment. (Dkt. # 8 (First Amended Complaint).) Plaintiff alleges that Defendant Nurse Henry Tambe violated his rights by delaying medical treatment, withholding medication, and failing to provide an appropriate diet. (*Id*.) This matter comes before the Court upon Defendant's motion to file under seal his unredacted motion for summary judgment, along with the unredacted declaration of Defendant and accompanying exhibits. (Dkt. # 30.) As discussed below, the Court finds that Defendant has failed to satisfy the "compelling reasons" standard to seal his summary judgment motion (dkt. # 33) and accompanying declaration (dkt. # 34), and therefore Defendant's motion to seal is DENIED with respect to these two documents. However, the Court finds that compelling reasons

justify GRANTING the motion to seal with respect to the exhibits to Defendant's motion, which contain Plaintiff's medical records.

Although Defendant acknowledges that Plaintiff put his own health at issue in this lawsuit, Defendant asserts that Plaintiff is nevertheless entitled to the protection of his "sensitive medical information." (*Id.* at 2.) Defendant asserts that his motion for summary judgment necessarily includes references to Plaintiff's medical information, and "the information which he seeks to file under seal is confidential." (*Id.*)

There is a strong presumption in favor of public access to judicial records and documents. As the Ninth Circuit explained in *Kamakana v. City & Cty. of Honolulu*, "[J]udicial records are public documents almost by definition, and the public is entitled to access by default." 447 F.3d 1172, 1180 (9th Cir. 2006). This "federal common law right of access" to court documents generally extends to "all information filed with the court," and "creates a strong presumption in favor of access to judicial documents which can be overcome only by showing sufficiently important countervailing interests." *Phillips ex Rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1212 (9th Cir. 2002) (citations and quotation marks omitted). Court documents associated with non-dispositive motions may be sealed for "good cause," whereas documents associated with dispositive motions may be sealed only for "compelling reasons." *Kamakana*, 447 F.3d at 1180-81 (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135-36 (9th Cir. 2003)).

The distinction between dispositive and non-dispositive motions exists because "the public policies that support the right of access to dispositive motions, and related materials, do not apply with equal force to non-dispositive materials." *Kamakana*, 447 F.3d at 1179; *see also*

*Foltz*, 447 F.3d at 1180 (explaining that "[t]here are good reasons to distinguish between dispositive and nondispositive motions"). As the court explained in *Kamakana*:

> [T]he strong presumption of access to judicial records applies fully to dispositive pleadings, including motions for summary judgment and related attachments. We adopted this principle of disclosure because the resolution of a dispute on the merits, whether by trial or summary judgment, is at the heart of the interest in ensuring the public's understanding of the judicial process and of significant public events.

447 F.3d at 1179 (citation and quotation marks omitted).

It is undisputed that the compelling reasons standard applies to the summary judgment motion and supporting documents at issue. Based upon Defendant's conclusory allegations, and the facts and circumstances of the case, however, the Court finds that Defendant has not met the compelling reasons standard for sealing the motion or accompany declaration (dkt. ## 33-34). Specifically, apart from Defendant's conclusory assertion that his dispositive motion references Plaintiff's confidential medical information, Defendant does not explain why compelling reasons overcome the presumption against sealing such a motion. Defendant also fails to explain why a less restrictive alternative, such as redaction, would not suffice as required by the local rules of this district. *See* W.D. Wash. LCR 5(g)(3) (requiring a specific statement of the reasons for keeping the document under seal, including what interests warrant the relief, the injury that will result if the relief is not granted, and why a less restrictive alternative to the relief sought is not sufficient). Plaintiff's First Amended Complaint references his own medical information and diagnoses in detail (dkt. # 8), and certainly puts his health at issue. Based upon the Court's review of Defendant's summary judgment motion and accompanying declaration (dkt. ## 33-34), these documents do not appear to be exceptional or contain more sensitive medical information than other prisoner cases alleging constitutional violations relating to the provision of medical care.

The medical records themselves, which Defendant filed as exhibits to his declaration, present somewhat of a different issue. This district maintains medical records under seal as a matter of course in social security cases "due to the prevalence of sensitive information," although the parties' briefs discussing the medical evidence are not sealed from public view. *See* W.D. Wash. LCR 5.2(b) ("[I]n a action for benefits under the Social Security Act . . . the administrative record must be file under seal, and the court will maintain it under seal. These actions are entitled to special treatment due to the prevalence of sensitive information and the volume of filings.") Although this is 42 U.S.C. § 1983 prisoner civil rights action and not an action seeking social security benefits, the Court finds that the spirit of LCR 5.2(b) is equally applicable to this case, in light of the numerous medical records filed in support of Defendant's motion. The Court therefore finds Plaintiff's privacy interest in his own medical records to be a sufficiently compelling reason to seal the medical records themselves, although the parties' other submissions will not be maintained under seal.

Accordingly, Defendant's motion to seal (dkt. # 30) is DENIED with respect to Defendant's motion for summary judgment and accompanying declaration, and the Clerk of the Court shall UNSEAL dkt. ## 33-34 pursuant to LCR 5(g). However, Defendant's motion to seal is GRANTED as to the exhibits to Mr. Tambe's declaration (dkt. # 34, Exs. 1-23), which contain Plaintiff's medical records.

The Clerk is directed to send copies of this order to the parties and to the Honorable Thomas S. Zilly.

Dated this 26th day of August, 2019.

MICHELLE L. PETERSON
United States Magistrate Judge