19-UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RICHARD LEE JOHNSEN,

                Plaintiff,

   v.

HENRY TAMBE,

                Defendant.

Case No. C19-141-TSZ-MLP

ORDER TO SHOW CAUSE

This is a 42 U.S.C. § 1983 prisoner civil rights action. Plaintiff Richard Lee Johnsen is a former pretrial detainee at the Skagit County Community Justice Center ("SCCJC") in Mt. Vernon, Washington, who was released from custody in July 2019. While he was still incarcerated, Plaintiff initiated this action alleging that Defendant Henry Tambe, Health Services Administrator ("HSA") at SCCJC, was deliberately indifferent to his serious medical needs related to chronic pancreatitis. (Dkt. # 8 ("Am. Comp.") at 7.) However, since his release from custody, Plaintiff has failed to update his mailing address with the Court. Mail addressed to Plaintiff was first returned to the Court by the U.S. Postal Service as undeliverable on September 9, 2019, and most recently was returned as undeliverable on November 25, 2019. (Dkt. ## 38, 54.)

ORDER TO SHOW CAUSE - 1

Defendant filed and served an unopposed motion for summary judgment on August 26, 2019. Plaintiff's copy was never returned to the Court as undeliverable. Presuming that Plaintiff had received that motion and the accompanying *Rand* notice before he was released from custody, the Court recommended that Defendant's unopposed motion for summary judgment be granted on September 26, 2019. (Dkt. # 40.) The Honorable Thomas S. Zilly vacated the Report and Recommendation, noting that Plaintiff was unlikely to have received the *Rand* notice or Defendant's motion for summary judgment because Skagit County Superior Court Case No. 17-1-01183-29 reflected that Plaintiff was released as early as July 16, 2019. (Dkt. # 42 at 1.) Judge Zilly directed Defendant to either confirm that Plaintiff was actually served with the *Rand* notice and motion for summary judgment or, alternatively, "take steps to locate plaintiff and arrange for service of the *Rand* notice, as well as his motion, file a revised declaration of service, and renote his motion for an appropriate date." (*Id*. at 2.) Finally, Judge Zilly directed the Clerk to send a copy of his Minute Order to Plaintiff's criminal defense counsel. (*Id*.)

The record reflects that defense counsel has now properly complied with Judge Zilly's directives by re-noting the motion for summary judgment, and going to great lengths to attempt to serve Plaintiff with a copy of a *Rand* notice and pending dispositive motion. Specifically, multiple attempts were made to serve Plaintiff at residences in Mt. Vernon and Sedro Woolley, as well as Plaintiff's place of work at a car lot near Habitat for Humanity on Riverside Drive in Mt. Vernon. (Dkt. ## 49-50.) In addition, multiple attempts were made to serve Plaintiff via his criminal defense attorney at his office in Anacortes. (Dkt. # 51.) However, by letter dated November 5, 2019, Plaintiff's attorney

in his criminal matter declined to accept service on Plaintiff's behalf for this civil action, as he "do[es] not represent Mr. Johnson in any matters having to do with this litigation in this Court[.]" (Dkt. # 53.) His criminal counsel indicated that Plaintiff does not have a fixed mailing address, but "I did, as a matter of courtesy, provide Mr. Johnson with your earlier filing." (*Id.*) Helpfully, counsel also indicated that "I expect he can be located through the Washington State Department of Corrections web page after November 22." (*Id.*) The Court's search of the Washington State Department of Corrections has revealed that Plaintiff is now currently incarcerated at the Washington Corrections Center ("WCC") in Shelton, Washington.

LCR 10(f) requires unrepresented parties to notify the Court of any change of address or telephone number within ten days of the change. Moreover, LCR 41 further provides that

> [a] party proceeding pro se shall keep the court and opposing parties advised as to his current mailing address and, if electronically filing or receiving notices electronically, his or her current email address. If mail directed to a pro se plaintiff by the clerk is returned by the Postal Service, or if email is returned by the internet service provider, and if such plaintiff fails to notify the court and opposing parties within 60 days thereafter of his or her current mailing or email address, the court may dismiss the action without prejudice for failure to prosecute.

LCR 41(b)(2).

As noted above, Plaintiff has failed to provide his current mailing address to the Court since mail was first returned in early September 2019. Accordingly, the Court ORDERS Plaintiff to SHOW CAUSE why this case should not be dismissed for failure to prosecute. Plaintiff has a duty to promptly inform the Court of any change to his address. *See* LCR 41(b)(2). Plaintiff shall inform the Court of his current address, and indicate whether he wishes to continue this action by

no later than **January 6, 2020**. Failure to do so will result in a recommendation that this case be dismissed without prejudice.

The Clerk of the Court is directed to send copies of this Order to Defendant, to Plaintiff at the Washington Corrections Center in Shelton, Washington (DOC Number 755252), and to the Honorable Thomas S. Zilly. The Clerk shall also RE-NOTE Defendant's unopposed motion for summary judgment (dkt. # 33) for consideration on **January 6, 2020.**

Dated this 6th day of December, 2019.

MICHELLE L. PETERSON
United States Magistrate Judge