UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RICHARD LEE JOHNSEN,

          Plaintiff,

   v.

HENRY TAMBE,

          Defendant.

Case No. C19-141-TSZ-MLP

REPORT AND RECOMMENDATION

## I.    INTRODUCTION

Plaintiff Richard Lee Johnsen is a former pretrial detainee at the Skagit County Community Justice Center ("SCCJC") in Mt. Vernon, Washington, who has since been released from custody. While he was still incarcerated, Plaintiff filed this 42 U.S.C. § 1983 action alleging that Defendant Henry Tambe, Health Services Administrator ("HSA") at SCCJC, was deliberately indifferent to his serious medical needs related to chronic pancreatitis. (Dkt. # 8 ("Am. Comp.") at 7.) However, since his release from custody in July 2019, Plaintiff has failed to update his mailing address with the Court. As discussed below, the Court recommends that this action be DISMISSED without prejudice for failure to prosecute.

## II.      DISCUSSION

### A.      Procedural History

On September 26, 2019, the Court previously issued a Report and Recommendation recommending that Defendant's unopposed motion for summary judgment be granted. (Dkt. # 40.) The Honorable Thomas S. Zilly vacated the Report and Recommendation, noting that Plaintiff was unlikely to have received the *Rand* notice or Defendant's motion for summary judgment because Skagit County Superior Court Case No. 17-1-01183-29 reflects that Plaintiff appears to have been released from custody on July 16, 2019. (Dkt. # 42 at 1.) Judge Zilly directed Defendant to either confirm that Plaintiff was actually served with the *Rand* notice and motion for summary judgment or, alternatively, "take steps to locate plaintiff and arrange for service of the Rand notice, as well as his motion, file a revised declaration of service, and renote his motion for an appropriate date." (*Id*. at 2.) Finally, Judge Zilly directed the Clerk to send a copy of his Minute Order to Plaintiff's criminal defense counsel. (*Id*.)

Defendant responded to Judge Zilly's Minute Order by filing a declaration from defense counsel that does not comply with Judge Zilly's directives. (Dkt. # 43 ("Ballard Decl.").) Defense counsel confirmed that he attempted to serve Defendant's motion for summary judgment and the *Rand* notice on Plaintiff at the Skagit County Jail, but those documents were returned to him by the U.S. Postal Service marked "Return to Sender" because Plaintiff was no longer in custody. (*Id*. at ¶¶ 2-5.) Thus, although Defendant filed a declaration in response to Judge Zilly's Minute Order, he provided evidence confirming Judge Zilly's suspicions that Plaintiff was not actually served with those documents and failed to acknowledge the second directive in Judge Zilly's Minute Order at all. Rather, defense counsel simply asserted that he had already "appropriately served [Plaintiff] at his address of record on file with the Court." (*Id*. at ¶ 7.) Defense counsel also pointed out that Plaintiff had failed to notify him, or the Court, of his change of address, which suggested that defense counsel

1 | was not taking any steps to locate the Plaintiff. (*Id*. at ¶¶ 8-9.)  Accordingly, by Order dated
2 | October 24, 2019, the Court directed defense counsel to comply with Judge Zilly's Minute
3 | Order, and to timely disclose to the Court in the future that attempts to serve documents, and
4 | particularly dispositive motions, were unsuccessful. (Dkt. # 44.)
5 |       The record reflects that defense counsel has properly complied with this directive.
6 | Specifically, Defendant re-noted the motion for summary judgment, and took great steps to
7 | attempt to serve Plaintiff with a copy of a *Rand* notice and dispositive motion. Specifically,
8 | multiple attempts were made to serve Plaintiff at residences in Mt. Vernon and Sedro Woolley,
9 | as well as Plaintiff's place of work at a car lot near Habitat for Humanity on Riverside Drive in
10 | Mt. Vernon. (Dkt. ## 49-50.) In addition, multiple attempts were made to serve Plaintiff via his
11 | criminal defense attorney at his office in Anacortes. (Dkt. # 51.) Finally, by letter dated
12 | November 5, 2019, Plaintiff's criminal defense counsel wrote a letter to the Court (and defense
13 | counsel in this matter) declining to accept service on Plaintiff's behalf for this civil action, as
14 | counsel "do[es] not represent Mr. Johnson in any matters having to do with this litigation in this
15 | Court and I do not consent to accept service for him in your matter." (Dkt. # 53.) However,
16 | Plaintiff's criminal defense counsel did indicate that Plaintiff does not have a fixed mailing
17 | address that he is aware of, and "I did, as a matter of courtesy, provide Mr. Johnson with your
18 | earlier filing." (*Id*.) Plaintiff's criminal defense counsel also noted that "I expect he can be
19 | located through the Washington State Department of Corrections web page after November
20 | 22nd." (*Id*.)
21 |       On December 6, 2019, the Court ordered Plaintiff to show cause why this matter should
22 | not be dismissed for failure to prosecute, as Plaintiff's mail was returned as undeliverable after
23 | he was released from custody and he has yet to provide his current mailing address to the Court.

(Dkt. # 56.) The order was sent to the Washington Correction Center ("WCC") in Shelton, Washington, where it appeared a "Richard L. Johnson" was confined. (*Id.*) The Court gave Plaintiff until January 6, 2020 to respond. (*Id.*) On December 18, 2020, the Court's order was returned because the Mr. Johnson confined at WCC is not Plaintiff. (Dkt. # 57.) Accordingly, the Court is unaware of Plaintiff's current mailing address, and Plaintiff has still not apprised the Court of his current whereabouts.

LCR 10(f) requires unrepresented parties to notify the Court of any change of address or telephone number within ten days of the change. Moreover, LCR 41 further provides that

> [a] party proceeding pro se shall keep the court and opposing parties advised as to his current mailing address and, if electronically filing or receiving notices electronically, his or her current email address. If mail directed to a pro se plaintiff by the clerk is returned by the Postal Service, or if email is returned by the internet service provider, and if such plaintiff fails to notify the court and opposing parties within 60 days thereafter of his or her current mailing or email address, the court may dismiss the action without prejudice for failure to prosecute.

LCR 41(b)(2).

As noted above, Plaintiff has failed to provide his current mailing address to the Court since his mail was first returned on September 9, 2019. (Dkt. # 38.) Although the Court's order to show cause gave Plaintiff until January 6, 2020 to respond, which Plaintiff did not receive, the Court finds dismissal without prejudice is warranted. Defendant has made numerous attempts to locate and serve Plaintiff, Plaintiff's criminal defense counsel in another matter has provided him with a copy of the pleadings, and the Court has given Plaintiff ample opportunity to prosecute this case, which is ultimately his burden. As Plaintiff has failed to notify the Court of his current address, and more than 60 days have passed since his mail was first returned as undeliverable, the Court recommends that this action be dismissed pursuant to LCR 41(b)(2).

REPORT AND RECOMMENDATION - 4

III.    CONCLUSION

For the foregoing reasons, the Court recommends that this action be DISMISSED without prejudice for failure to prosecute. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **January 10, 2020**.

The Clerk is directed to send copies of this Report and Recommendation to the parties and to the Honorable Thomas S. Zilly.

Dated this 19th day of December, 2019.

MICHELLE L. PETERSON
United States Magistrate Judge

REPORT AND RECOMMENDATION - 5